William C. Baton
Alexander L. Callo
**SAUL EWING LLP**
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102
wbaton@saul.com

*Attorneys for Plaintiff*
*Supernus Pharmaceuticals, Inc.*

OF COUNSEL:

Edgar H. Haug
Nicholas F. Giove
Andrew Wasson
Kaitlin M. Farrell
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, NY 10151

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SUPERNUS PHARMACEUTICALS, INC.,**<br><br>                    **Plaintiff,**<br><br>        **v.**<br><br>**APPCO PHARMA LLC and SOMERSET THERAPEUTICS LLC,**<br><br>                    **Defendants.** | **Civil Action No. _____**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**(Filed Electronically)** |

Plaintiff Supernus Pharmaceuticals, Inc. ("Supernus" or "Plaintiff"), by its undersigned

attorneys, for its Complaint against Defendants Appco Pharma LLC ("Appco") and Somerset

Therapeutics LLC ("Somerset," and collectively with Appco, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil action for patent infringement arising under the patent laws of the

United States, Title 35, United States Code, involving United States Patent Nos. 9,358,204 ("the

'204 patent"); 9,603,853 ("the '853 patent"); 9,662,338 ("the '338 patent"); 11,324,753 ("the

'753 patent"); 11,458,143 ("the '143 patent"); and 12,121,523 ("the '523 patent"), attached

hereto as Exhibits A–F (collectively, "the patents-in-suit").

## THE PARTIES

2.     Plaintiff Supernus is a corporation organized and existing under the laws of

Delaware, having a place of business at 9715 Key West Avenue, Rockville, Maryland 20850.

3.     Upon information and belief, defendant Appco Pharma LLC is a corporation

organized and existing under the laws of the State of New Jersey with principal places of

business at 120 Belmont Drive, Somerset NJ 08873 and 262 Old New Brunswick Road, Suite N,

Piscataway, New Jersey 08854.

4.     Upon information and belief, defendant Somerset Therapeutics LLC is a limited

liability company organized and existing under the laws of Delaware with a principal place of

business at 300 Franklin Square Drive, Somerset, New Jersey 08873.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. §§ 1331 and 1338(a).

6.     This Court has personal jurisdiction over Defendants under Fed. R. Civ. P. 4(k)(1)

and N.J. Ct. R. 4:4-4.

7.     This Court has personal jurisdiction over Appco at least because, upon

information and belief: (i) Appco maintains principal places of business in New Jersey located at

120 Belmont Drive, Somerset New Jersey 08873 and 262 Old New Brunswick Road, Suite N,

Piscataway, New Jersey 08854; (ii) Appco is doing business in New Jersey and maintains

continuous and systematic contacts with this Judicial District; (iii) Appco is in the business of

developing and manufacturing generic pharmaceutical products for importation, sale, and/or

distribution in the State of New Jersey; (iv) Appco has committed, induced, and/or contributed to

acts of patent infringement in New Jersey; (v) Appco has previously admitted that the United

States District Court for the District of New Jersey has personal jurisdiction over Appco;[1] (vi)

Appco's website states: "Established in 2012, Appco is a **New Jersey based** generic drug

development and manufacturing company. It operates through U.S. FDA-approved

manufacturing sites in Piscataway NJ"  (*see* http://appcopharma.com/about.html) (emphasis

added); and (vii) if Abbreviated New Drug Application ("ANDA") No. 220326 ("Defendants'

ANDA") receives final approval, Defendants' viloxazine extended-release capsules (100 mg,

150 mg, and 200 mg) ("Defendants' ANDA Products") will be marketed and distributed by

Appco in the State of New Jersey, prescribed by physicians practicing in the State of New Jersey,

dispensed by pharmacies located within the State of New Jersey, and used by patients in the

State of New Jersey.

8.      Upon information and belief, Appco is registered with the State of New Jersey's

Division of Revenue and Enterprise Services as a business operating in New Jersey with

Business Identification Numbers 0600414990 and 0600477799.  Upon information and belief,

Appco is registered with the State of New Jersey's Department of Health as a drug and medical

device "manufacturer and wholesaler" with Registration Number 5004511.

9.      This Court has personal jurisdiction over Somerset at least because, upon

information and belief: (i) Somerset maintains an established and regular place of business in

New Jersey located at 300 Franklin Square Drive, Somerset, New Jersey 08873; (ii) Somerset is

doing business in New Jersey and maintains continuous and systematic contacts with this

Judicial District; (iii) Somerset is in the business of developing and manufacturing generic

---

[1] *See, e.g., Pfizer Inc. v. Appco Pharma Ltd.*, No. 3-18-cv-02272 (BRM) (TJB), ECF No. 19
(D.N.J.) (admitting personal jurisdiction and filing counterclaims).

pharmaceutical products for importation, sale, and/or distribution in the State of New Jersey; (iv) Somerset has committed, induced, and/or contributed to acts of patent infringement in New Jersey; (v) Somerset has previously consented and/or not contested that the United States District Court for the District of New Jersey has personal jurisdiction over Somerset;[2] (vi) Somerset has purposefully directed its activities at residents and corporate entities within the State of New Jersey; (vii) the claims set forth herein as to Somerset arise out of or relate to those activities; (viii) Somerset's contacts with the State of New Jersey (direct and/or indirect) are continuous and systematic; (ix) it is reasonable and fair for this Court to exercise personal jurisdiction over Somerset; (x) if Defendants' ANDA receives final approval, Defendants' ANDA Products will be marketed and distributed by Somerset in the State of New Jersey, prescribed by physicians practicing in the State of New Jersey, dispensed by pharmacies located within the State of New Jersey, and used by patients in the State of New Jersey.

10.    Upon information and belief, Somerset is registered with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey with Business Identification Number 0451084958.  Upon information and belief, Somerset is registered with the State of New Jersey's Department of Health as a drug and medical device "manufacturer" with Registration Number 5004837.

---

[2] *See, e.g., Esperion Therapeutics, Inc. v. Renata Ltd*., No. 2:24-cv-06017 (JXN) (CLW), ECF No. 35 (D.N.J.) (filing counterclaims and not contesting personal jurisdiction); *Nexus Pharm., Inc. v. Somerset Therapeutics*, LLC, No. 3:23-cv-01248 (ZNQ) (RLS), ECF No. 8 (D.N.J.) (same); *American Regent, Inc. v. Somerset Therapeutics, LLC*, No. 24-cv-17807 (BRM) (CLW) , ECF No. 10 (D.N.J.) (same); *American Regent, Inc. v. Somerset Therapeutics, LLC*, No. 24-cv-01022 (BRM) (CLW), ECF No. 12  (D.N.J.) (same); *American Regent, Inc. v. Somerset Therapeutics, LLC*, No. 24-cv-01030 (BRM) (CLW), ECF No. 12 (D.N.J.) (same); *In re Selenious Acid Litig*., No. 24-cv-07791 (BRM) (CLW), ECF No. 75 (D.N.J.) (same); *Rayner Surgical Inc. v. Somerset Therapeutics, LLC*, No. 2:24-cv-09017 (GC) (JBD), ECF No. 9 (D.N.J.) (not contesting personal jurisdiction).

11.     Upon information and belief, pursuant to § 505(j) of the Federal Food, Drug, and Cosmetic Act ("FDCA") (codified at 21 U.S.C. § 355(j)), Defendants have prepared, submitted, and filed with FDA, and FDA has received, Defendants' ANDA, seeking approval to engage in the commercial manufacture, use, importation, offer for sale, and/or sale of Defendants' ANDA Products before the expiration of the patents-in-suit throughout the United States, including in this Judicial District.

12.     Upon information and belief, Defendants acted collaboratively in the preparation and submission of ANDA No. 220326 to the FDA.

13.     This Court has personal jurisdiction over Defendants at least because, upon information and belief, if ANDA No. 220326 receives final approval, Defendants' ANDA Products will be manufactured, sold, distributed, and/or used by Defendants in New Jersey, prescribed by physicians practicing in New Jersey, and/or administered to patients in New Jersey.

14.     Upon information and belief, Defendants' acts of preparing and filing ANDA No. 220326 and directing notice of their ANDA submission to Plaintiff are acts with real and injurious consequences giving rise to this infringement action, including the present and/or anticipated commercial manufacture, use, and/or sale of Defendants' ANDA Products before the expiration of the patents-in-suit throughout the United States, including in this Judicial District. Because defending against an infringement lawsuit such as this one is an essential and expected part of an ANDA filer's business, Defendants reasonably anticipate being sued in New Jersey.

15.     Defendants' ANDA filing implicating the patents-in-suit directly relates to this litigation and is substantially connected with this Judicial District because it reliably and non-

speculatively predicts Defendants' intent to market and sell Defendants' ANDA Products in this Judicial District.

16.     Defendants have taken the significant step of applying to FDA for approval to engage in future activities—including the marketing of Defendants' ANDA Products—which, upon information and belief, will be purposefully directed at this Judicial District.

17.     Upon information and belief, Defendants will market Defendants' ANDA Products in New Jersey upon receiving final FDA approval of ANDA No. 220326.

18.     Upon information and belief, Defendants have thus been, and continue to be, joint and prime actors in the drafting, submission, approval, and maintenance of ANDA No. 220326 and intend to benefit from ANDA No. 220326 upon receiving final FDA approval.

19.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b), 1391(c), and/or 1400(b).

## FACTS COMMON TO ALL COUNTS

20.     Upon information and belief, on or about May 21, 2025, Defendants sent a letter pursuant to § 505(j)(2)(B)(ii) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)(2)(B)(ii) and 21 C.F.R. § 314.95) regarding the paragraph IV certification that Defendants submitted in ANDA No. 220326 and the patents-in-suit (the "May 21, 2025, Notice Letter") to Supernus at 9715 Key West Avenue, Rockville, Maryland 20850.

21.     The May 21, 2025, Notice Letter included an Offer of Confidential Access ("OCA") to unspecified portions of ANDA No. 220326, purportedly pursuant to 21 U.S.C. § 355(j)(5)(C)(i)(III).  The OCA accompanying the May 21, 2025, Notice Letter did not identify Supernus as the "Receiving Party."

22.     Upon information and belief, on or about June 9, 2025, Defendants sent a second letter pursuant to § 505(j)(2)(B)(ii) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C.

§ 355(j)(2)(B)(ii) and 21 C.F.R. § 314.95) regarding the paragraph IV certification that Defendants submitted in ANDA No. 220326 and the patents-in-suit (the "June 9, 2025, Notice Letter," and together with the May 21, 2025, Notice Letter, "the Notice Letters") to Supernus at 9715 Key West Avenue, Rockville, Maryland 20850.

23.    The June 9, 2025, Notice Letter included an OCA to unspecified portions of ANDA No. 220326, purportedly pursuant to 21 U.S.C. § 355(j)(5)(C)(i)(III).  The OCA accompanying the June 9, 2025, Notice Letter, for the first time, identified Supernus as the "Receiving Party."

24.    Defendants' OCA accompanying the June 9, 2025, Notice Letter contained numerous unreasonable and overly restrictive provisions.  Plaintiff proposed revisions that comport with restrictions that "would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information." *See* 21 U.S.C. § 355. Plaintiff and Defendants did not reach agreement on the terms of an Offer of Confidential Access and, to date, Defendants have not produced a copy of ANDA No. 220326 to Plaintiff.

25.    According to the Notice Letters, Defendants filed Defendants' ANDA with the U.S. Food and Drug Administration ("FDA") seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Defendants' ANDA Products.

26.    The Notice Letters both state that "[t]his is a notice of certification letter on behalf of Appco Pharma LLC ('Appco'), for itself, **and its partner** Somerset Therapeutics LLC ('Somerset')." (emphasis added).

27.    Upon information and belief, Defendants are in the business of, *inter alia*: (i) the development and manufacture of generic pharmaceutical products for sale throughout the United

States, including throughout the State of New Jersey, and importing generic pharmaceutical products into the United States, including throughout the State of New Jersey; (ii) the preparation, submission, and filing of Abbreviated New Drug Applications ("ANDAs") seeking FDA approval to market generic drugs throughout the United States, including throughout the State of New Jersey; and (iii) the distribution of generic pharmaceutical products for sale throughout the United States, including throughout the State of New Jersey.

28.     Upon information and belief, Defendants were all actively involved in filing Defendants' ANDA and all stand to benefit from its approval.

29.     Upon information and belief, Defendants collaborate to develop, manufacture, import, market, distribute, and/or sell pharmaceutical products, including generic drug products such as Defendants' ANDA Products, that will be manufactured and sold pursuant to an ANDA throughout the United States, including throughout the State of New Jersey.

30.     Upon information and belief, Defendants derive substantial revenue from directly or indirectly selling generic pharmaceutical products throughout the United States, including in this Judicial District.

31.     Appco's website states: "Established in 2012, Appco is a New Jersey based generic drug development and manufacturing company.  It operates through U.S. FDA-approved manufacturing sites in Piscataway NJ."  (http://appcopharma.com/about.html.)

32.     21 U.S.C. § 355(j)(2)(B)(iv)(II) requires that a letter notifying a patent holder of the filing of an ANDA containing a paragraph IV certification "include a detailed statement of the factual and legal basis of the opinion of the applicant that the patent is invalid or will not be infringed."  21 C.F.R. § 314.95(c)(7) requires that such a letter include "[a] detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, unenforceable, or

will not be infringed."  The detailed statement must include "(i) [f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "(ii) [f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation."  21 C.F.R. § 314.95(c)(7)(i)-(ii).

33.     Upon information and belief, as of the date of the Notice Letters, Defendants were aware of the statutory provisions and regulations set out in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

34.     Upon information and belief, the Notice Letters do not disclose any invalidity contentions or opinions specifically directed to any claims of the '204 patent, the '853 patent, or the '338 patent.  Accordingly, upon information and belief, Defendants acknowledge and admit that the '204 patent, the '853 patent, and the '338 patent are not invalid.

35.     Upon information and belief, the Notice Letters do not disclose any unenforceability contentions for the patents-in-suit.

36.     Supernus's Qelbree® is sold and marketed under New Drug Application ("NDA") No. 211964, which was approved by the FDA for the manufacture and sale of viloxazine extended-release capsules 100 mg, 150 mg and 200 mg.

37.     Qelbree® is a selective norepinephrine reuptake inhibitor indicated for the treatment of Attention Deficit Hyperactivity Disorder (ADHD) in adults and pediatric patients 6 years and older.

38.     Qelbree®'s recommended dosage is as follows:

- Pediatric patients 6 to 11 years of age: Recommended starting dosage is 100 mg once daily.  May titrate in increments of 100 mg weekly to the maximum recommended dosage of 400 mg once daily

- Pediatric patients 12 to 17 years of age: Recommended starting dosage is 200 mg once daily.  May titrate after 1 week, by an increment of 200mg, to the maximum recommended dosage of 400 mg once daily

- Adult patients: Recommended starting dosage is 200 mg once daily.  May titrate in increments of 200 mg weekly, to maximum recommended dosage of 600 mg once daily

- Capsules may be swallowed whole or opened and the entire contents sprinkled onto applesauce or pudding

- Severe Renal Impairment: Initial dosage is 100 mg once daily. Titrate in weekly increments of 50 mg to 100 mg to a maximum recommended dosage of 200 mg once daily

39.    FDA's publication, titled, "Approved Drug Products with Therapeutic Equivalence Evaluations" (commonly known as the "Orange Book"), lists six (6) patents, specifically the patents-in-suit, as covering Supernus's Qelbree®.  Pursuant to 21 U.S.C. §§ 355(b)(1) and 355(c)(2), the patents-in-suit were submitted to the FDA with or after the approval of NDA No. 211964.  The patents-in-suit are listed in the Orange Book as covering Qelbree®.

40.    The '204 patent, titled, "Formulations of Viloxazine," was duly and legally issued by the United States Patent and Trademark Office on June 7, 2016, to Supernus upon assignment from inventors Michael Vieira, Austin B. Huang, and Padmanabh P. Bhatt.  Supernus owns all rights, title, and interest in the '204 patent.

41.    The '853 patent, titled, "Formulations of Viloxazine," was duly and legally issued by the United States Patent and Trademark Office on March 28, 2017, to Supernus upon assignment from inventors Michael Vieira, Austin B. Huang, and Padmanabh P. Bhatt.  Supernus owns all rights, title, and interest in the '853 patent.

42.    The '338 patent, titled, "Formulations of Viloxazine," was duly and legally issued by the United States Patent and Trademark Office on May 30, 2017, to Supernus upon

assignment from inventors Michael Vieira, Austin B. Huang, and Padmanabh P. Bhatt.  Supernus owns all rights, title, and interest in the '338 patent.

43.    The '753 patent, titled, "Method of Treatment of Attention Deficit/Hyperactivity Disorder (ADHD)," was duly and legally issued by the United States Patent and Trademark Office on May 10, 2022, to Supernus upon assignment from inventor Christopher D. Breder. Supernus owns all rights, title, and interest in the '753 patent.

44.    The '143 patent, titled, "Method of Treatment of Attention Deficit/Hyperactivity Disorder (ADHD)," was duly and legally issued by the United States Patent and Trademark Office on October 4, 2022, to Supernus upon assignment from inventor Christopher D. Breder. Supernus owns all rights, title, and interest in the '143 patent.

45.    The '523 patent, titled, "Method of Treatment of Attention Deficit/Hyperactivity Disorder (ADHD)," was duly and legally issued by the United States Patent and Trademark Office on October 22, 2024, to Supernus upon assignment from inventor Christopher D. Breder. Supernus owns all rights, title, and interest in the '523 patent.

46.    Upon information and belief, Defendants' ANDA is based upon Qelbree® (viloxazine extended-release capsules), 100 mg, 150 mg and 200 mg, as its reference listed drug.

47.    Upon information and belief, Defendants' ANDA Products are viloxazine extended-release capsules, 100 mg, 150 mg and 200 mg.

48.    Upon information and belief, Defendants have represented to FDA in ANDA No. 220326 that Defendants' ANDA Products are bioequivalent to Qelbree®.

49.    21 U.S.C. § 355(j)(2)(A)(i) requires that an ANDA contain "information to show that the conditions of use prescribed, recommended, or suggested in the labeling proposed for the new drug have been previously approved for a drug listed under paragraph (7)."  In addition, 21

U.S.C. § 355(j)(2)(A)(v) provides that an ANDA must contain "information to show that the labeling proposed for the new drug is the same as the labeling approved for the listed drug referred to in clause (i) except for changes required because of differences approved under a petition filed under subparagraph (C) or because the new drug and the listed drug are produced or distributed by different manufacturers."

50.    The Notice Letters do not indicate that Defendants intend to market Defendants' ANDA Products with labeling that materially differs from the Qelbree® label, including, for example, in terms of indications and usage, dosage and administration, dosage forms and strengths, contraindications, warnings and precautions, adverse reactions, drug interactions, use in specific populations, overdosage, description, clinical pharmacology, nonclinical toxicology, clinical studies, how supplied/storage and handling, patient counseling information, or composition of Defendants' ANDA Products. *See, e.g.,* https://www.accessdata.fda.gov/drugsatfda_docs/label/2025/211964s013lbl.pdf#page=21 (last visited June 17, 2025).

51.    Upon information and belief, the proposed prescribing information for Defendants' ANDA Products includes a section titled, "Indication and Usage" stating that Defendants' ANDA Products are "indicated for the treatment of Attention-Deficit Hyperactivity Disorder (ADHD) in adults and pediatric patients 6 years and older."

52.    Upon information and belief, the proposed prescribing information for Defendants' ANDA Products includes a section titled, "Dosage and Administration," containing information about the recommended dosage for adult and pediatric patients.  Upon information and belief, the proposed prescribing information for Defendants' ANDA Products recommends: (i) administering 100 mg orally once daily as the recommended starting dosage for pediatric

patients 6 to 11 years of age, which may be titrated in increments of 100 mg at weekly intervals to a maximum recommended dose of 400 mg once daily, depending on response and tolerability, (ii) administering 200 mg orally once daily as the recommended starting dosage for pediatric patients 12 to 17 years of age, which may be titrated in increments of 200 mg after one week to the maximum recommended dosage of 400 mg once daily, depending on response and tolerability; and (iii) administering 200 mg orally once daily as the recommended starting dosage for adults, which may be titrated in increments of 200 mg weekly to the maximum recommended dosage of 600 mg once daily, depending on response and tolerability.

53.    Upon information and belief, the proposed prescribing information for Defendants' ANDA Products includes a section titled, "Mechanism of Action," stating that "[t]he mechanism of action of viloxazine in the treatment of ADHD is unclear; however, it is thought to be through inhibiting the reuptake of norepinephrine."

54.    Upon information and belief, the proposed prescribing information for Defendants' ANDA Products includes a section titled, "Pharmacodynamics," stating that Defendants' ANDA Products also "bind[] to and inhibit[] the norepinephrine transporter (Ki=0.13 μM)" and "bind[] to and exhibit[] partial agonist activity at the serotonin 5-HT2C receptor (Ki=0.66 μM)."

55.    Upon information and belief, Defendants' ANDA Products will have labeling that instruct patients to call their healthcare provider or get emergency help if they experience "new or worse depression" or "new or worse anxiety."

56.    Upon information and belief, Defendants jointly developed Defendants' ANDA Products and jointly sought approval from the FDA to sell Defendants' ANDA Products throughout the United States, including within this Judicial District.

57.    Upon information and belief, Defendants jointly prepared and submitted Defendants' ANDA and are jointly prosecuting and maintaining Defendants' ANDA.

## FIRST COUNT
### (Defendants' Infringement of the '204 Patent)

58.    Supernus repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

59.    Upon information and belief, Defendants submitted Defendants' ANDA to FDA pursuant to § 505(j) of the FDCA (codified at 21 U.S.C. § 355(j)) for the purpose of seeking FDA approval to market Defendants' ANDA Products prior to the expiration of the '204 patent.

60.    Upon information and belief, Appco provided, is providing, and will provide material and significant support, advice, aid, instruction, inducement, and encouragement to Somerset in the preparation, filing, maintenance, and further prosecution of Defendants' ANDA.

61.    Upon information and belief, Somerset provided, is providing, and will provide material and significant support, advice, aid, instruction, inducement, and encouragement to Appco in the preparation, filing, maintenance, and further prosecution of Defendants' ANDA.

62.    Upon information and belief, Defendants are jointly and severally liable for Defendants' infringement of one or more claims of the '204 patent.

63.    Upon information and belief, Defendants submitted Defendants' ANDA with a paragraph IV certification to the '204 patent for the purpose of obtaining FDA approval to engage in the commercial manufacture, use, sale, offering for sale, and/or importation of Defendants' ANDA Products before the expiration of the '204 patent.

64.    Upon information and belief, as of the date of the Notice Letters, Defendants were aware of the statutory provisions and regulations in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

65.     Defendants sent the Notice Letters to Supernus purportedly pursuant to 21 U.S.C. § 355(j)(2)(B)(iv) and 21 C.F.R. § 314.95(d)(1).

66.     Under 35 U.S.C. § 271(e)(2)(A), the submission of Defendants' ANDA with a paragraph IV certification to the '204 patent for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Products before the expiration of the '204 patent is itself an act of infringement of the '204 patent.

67.     Upon information and belief, Defendants will commercially manufacture, use, offer to sell, sell within the United States, and/or import into the United States Defendants' ANDA Products upon receiving final FDA approval.

68.     Upon information and belief, Defendants' commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Defendants' ANDA Products would infringe, directly and/or indirectly, one or more claims of the '204 patent under 35 U.S.C. § 271(a), 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

69.     Upon information and belief, the commercial manufacture, use, offer to sell, or sale of the Defendants' ANDA Products prior to the expiration of the '204 patent will directly infringe the '204 patent under 35 U.S.C. § 271(a), will actively induce another's infringement of the '204 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '204 patent under 35 U.S.C. § 271(c).

70.     Upon information and belief, Defendants' ANDA Products will be marketed with labeling that substantially copies the labeling for Qelbree®.

71.     Upon information and belief, the label for Defendants' ANDA Products that will be made available to third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) upon FDA approval of

Defendants' ANDA will encourage such third parties to infringe one or more of the claims of the '204 patent.

72.     Upon information and belief, the use of Defendants' ANDA Products by third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) according to the instructions on the label of Defendants' ANDA Products will constitute an act of direct infringement of one or more of the claims of the '204 patent.

73.     Upon information and belief, by making, using, selling, offering for sale, and/or importing into the United States Defendants' ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will knowingly encourage, advise, instruct, urge, aid, and otherwise induce third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists), to make, use, sell, offer for sale, and/or import into the United States products that infringe the claims, or the making or use of which infringes the claims, of the '204 patent.

74.     Upon information and belief, Defendants intend such infringement by third parties, as Defendants are in the business of developing, manufacturing, marketing, selling, and distributing generic pharmaceutical products throughout the United States.  Upon information and belief, Defendants know that their actions will induce acts that constitute direct infringement of claims of the '204 patent by, e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists.

75.     Upon information and belief, by offering for sale or selling within the United States or importing into the United States Defendants' ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will contribute to

the infringement of the '204 patent by third parties because: (i) Defendants' ANDA Products constitutes a material part of the formulations claimed in the '204 patent; (ii) Defendants know or should know that Defendants' ANDA Products will be made for uses that directly infringe the formulations claimed in the '204 patent; and (iii) Defendants' ANDA Products are not staple articles or commodities of commerce suitable for substantial noninfringing uses.

76.    Upon information and belief, Defendants have acted with full knowledge of the '204 patent and its claims and without a reasonable basis for believing that Defendants would not be liable for infringement of the '204 patent.  Defendants knew of the existence of the '204 patent, as evidenced by Defendants' filing of Defendants' ANDA with a paragraph IV certification specifically referencing the '204 patent.  Notwithstanding this knowledge, Defendants have continued to signal their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Defendants' ANDA Products before the expiration of the patents-in-suit.  Upon information and belief, through such activities, Defendants specifically intend infringement of the '204 patent.

77.    Upon information and belief, the actions described herein relating to Defendants' ANDA and Defendants' ANDA Products were done by and for the benefit of all Defendants.

78.    This case is "exceptional," and Supernus is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

79.    Unless Defendants are permanently enjoined by this Court, the acts of infringement set forth above will cause Supernus irreparable harm for which there is no adequate remedy at law.

## SECOND COUNT
### (Defendants' Infringement of the '853 Patent)

80.    Supernus repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

81.    Upon information and belief, Defendants submitted Defendants' ANDA to FDA pursuant to § 505(j) of the FDCA (codified at 21 U.S.C. § 355(j)) for the purpose of seeking FDA approval to market Defendants' ANDA Products prior to the expiration of the '853 patent.

82.    Upon information and belief, Appco provided, is providing, and will provide material and significant support, advice, aid, instruction, inducement, and encouragement to Somerset in the preparation, filing, maintenance, and further prosecution of Defendants' ANDA.

83.    Upon information and belief, Somerset provided, is providing, and will provide material and significant support, advice, aid, instruction, inducement, and encouragement to Appco in the preparation, filing, maintenance, and further prosecution of Defendants' ANDA.

84.    Upon information and belief, Defendants are jointly and severally liable for Defendants' infringement of one or more claims of the '853 patent.

85.    Upon information and belief, Defendants submitted Defendants' ANDA with a paragraph IV certification to the '853 patent for the purpose of obtaining FDA approval to engage in the commercial manufacture, use, sale, offering for sale, and/or importation of Defendants' ANDA Products before the expiration of the '853 patent.

86.    Upon information and belief, as of the date of the Notice Letters, Defendants were aware of the statutory provisions and regulations in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

87.    Defendants sent the Notice Letters to Supernus purportedly pursuant to 21 U.S.C. § 355(j)(2)(B)(iv) and 21 C.F.R. § 314.95(d)(1).

88.     Under 35 U.S.C. § 271(e)(2)(A), the submission of Defendants' ANDA with a paragraph IV certification to the '853 patent for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Products before the expiration of the '853 patent is itself an act of infringement of the '853 patent.

89.     Upon information and belief, Defendants will commercially manufacture, use, offer to sell, sell within the United States, and/or import into the United States Defendants' ANDA Products upon receiving final FDA approval.

90.     Upon information and belief, Defendants' commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Defendants' ANDA Products would infringe, directly and/or indirectly, one or more claims of the '853 patent under 35 U.S.C. § 271(a), 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

91.     Upon information and belief, the commercial manufacture, use, offer to sell, or sale of the Defendants' ANDA Products prior to the expiration of the '853 patent will directly infringe the '853 patent under 35 U.S.C. § 271(a), will actively induce another's infringement of the '853 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '853 patent under 35 U.S.C. § 271(c).

92.     Upon information and belief, Defendants' ANDA Products will be marketed with labeling that substantially copies the labeling for Qelbree®.

93.     Upon information and belief, the label for Defendants' ANDA Products that will be made available to third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) upon FDA approval of Defendants' ANDA will encourage such third parties to perform one or more of the methods claimed in the '853 patent.

94.     Upon information and belief, the use of Defendants' ANDA Products by third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) according to the instructions on the label of Defendants' ANDA Products will constitute an act of direct infringement of one or more of the methods claimed in the '853 patent.

95.     Upon information and belief, by making, using, selling, offering for sale, and/or importing into the United States Defendants' ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will knowingly encourage, advise, instruct, urge, aid, and otherwise induce third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists), to make, use, sell, offer for sale, and/or import into the United States products that infringe the claims, or the making or use of which infringes the claims, of the '853 patent.

96.     Upon information and belief, Defendants intend such infringement by third parties, as Defendants are in the business of developing, manufacturing, marketing, selling, and distributing generic pharmaceutical products throughout the United States.  Upon information and belief, Defendants know that their actions will induce acts that constitute direct infringement of claims of the '853 patent by, e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists.

97.     Upon information and belief, by offering for sale or selling within the United States or importing into the United States Defendants' ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will contribute to the infringement of the '853 patent by third parties because: (i) Defendants' ANDA Products constitutes a material part of the methods of treatment claimed in the '853 patent; (ii) Defendants

know or should know that Defendants' ANDA Products will be made for uses that directly infringe the methods of treatment claimed in the '853 patent; and (iii) Defendants' ANDA Products are not staple articles or commodities of commerce suitable for substantial noninfringing uses.

98.     Upon information and belief, Defendants have acted with full knowledge of the '853 patent and its claims and without a reasonable basis for believing that Defendants would not be liable for infringement of the '853 patent.  Defendants knew of the existence of the '853 patent, as evidenced by Defendants' filing of Defendants' ANDA with a paragraph IV certification specifically referencing the '853 patent.  Notwithstanding this knowledge, Defendants have continued to signal their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Defendants' ANDA Products before the expiration of the patents-in-suit.  Upon information and belief, through such activities, Defendants specifically intend infringement of the '853 patent.

99.     Upon information and belief, the actions described herein relating to Defendants' ANDA and Defendants' ANDA Products were done by and for the benefit of all Defendants.

100.    This case is "exceptional," and Supernus is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

101.    Unless Defendants are permanently enjoined by this Court, the acts of infringement set forth above will cause Supernus irreparable harm for which there is no adequate remedy at law.

## THIRD COUNT
### (Defendants' Infringement of the '338 Patent)

102.    Supernus repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

103.    Upon information and belief, Defendants submitted Defendants' ANDA to FDA pursuant to § 505(j) of the FDCA (codified at 21 U.S.C. § 355(j)) for the purpose of seeking FDA approval to market Defendants' ANDA Products prior to the expiration of the '338 patent.

104.    Upon information and belief, Appco provided, is providing, and will provide material and significant support, advice, aid, instruction, inducement, and encouragement to Somerset in the preparation, filing, maintenance, and further prosecution of Defendants' ANDA.

105.    Upon information and belief, Somerset provided, is providing, and will provide material and significant support, advice, aid, instruction, inducement, and encouragement to Appco in the preparation, filing, maintenance, and further prosecution of Defendants' ANDA.

106.    Upon information and belief, Defendants are jointly and severally liable for Defendants' infringement of one or more claims of the '338 patent.

107.    Upon information and belief, Defendants submitted Defendants' ANDA with a paragraph IV certification to the '338 patent for the purpose of obtaining FDA approval to engage in the commercial manufacture, use, sale, offering for sale, and/or importation of Defendants' ANDA Products before the expiration of the '338 patent.

108.    Upon information and belief, as of the date of the Notice Letters, Defendants were aware of the statutory provisions and regulations in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

109.    Defendants sent the Notice Letters to Supernus purportedly pursuant to 21 U.S.C. § 355(j)(2)(B)(iv) and 21 C.F.R. § 314.95(d)(1).

110.    Under 35 U.S.C. § 271(e)(2)(A), the submission of Defendants' ANDA with a paragraph IV certification to the '338 patent for the purpose of obtaining approval to engage in

the commercial manufacture, use, or sale of Defendants' ANDA Products before the expiration of the '338 patent is itself an act of infringement of the '338 patent.

111.    Upon information and belief, Defendants will commercially manufacture, use, offer to sell, sell within the United States, and/or import into the United States Defendants' ANDA Products upon receiving final FDA approval.

112.    Upon information and belief, Defendants' commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Defendants' ANDA Products would infringe, directly and/or indirectly, one or more claims of the '338 patent under 35 U.S.C. § 271(a), 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

113.    Upon information and belief, the commercial manufacture, use, offer to sell, or sale of the Defendants' ANDA Products prior to the expiration of the '338 patent will directly infringe the '338 patent under 35 U.S.C. § 271(a), will actively induce another's infringement of the '338 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '338 patent under 35 U.S.C. § 271(c).

114.    Upon information and belief, Defendants' ANDA Products will be marketed with labeling that substantially copies the labeling for Qelbree®.

115.    Upon information and belief, the label for Defendants' ANDA Products that will be made available to third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) upon FDA approval of Defendants' ANDA will encourage such third parties to infringe one or more of the claims of the '338 patent.

116.    Upon information and belief, the use of Defendants' ANDA Products by third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical

practitioners, physicians, and/or pharmacists) according to the instructions on the label of Defendants' ANDA Products will constitute an act of direct infringement of one or more of the claims of the '338 patent.

117.    Upon information and belief, by making, using, selling, offering for sale, and/or importing into the United States Defendants' ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will knowingly encourage, advise, instruct, urge, aid, and otherwise induce third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists), to make, use, sell, offer for sale, and/or import into the United States products that infringe the claims, or the making or use of which infringes the claims, of the '338 patent.

118.    Upon information and belief, Defendants intend such infringement by third parties, as Defendants are in the business of developing, manufacturing, marketing, selling, and distributing generic pharmaceutical products throughout the United States.  Upon information and belief, Defendants know that their actions will induce acts that constitute direct infringement of claims of the '338 patent by, e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists.

119.    Upon information and belief, by offering for sale or selling within the United States or importing into the United States Defendants' ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will contribute to the infringement of the '338 patent by third parties because: (i) Defendants' ANDA Products constitutes a material part of the formulations claimed in the '338 patent; (ii) Defendants know or should know that Defendants' ANDA Products will be made for uses that directly infringe the

formulations claimed in the '338 patent; and (iii) Defendants' ANDA Products are not staple articles or commodities of commerce suitable for substantial noninfringing uses.

120.    Upon information and belief, Defendants have acted with full knowledge of the '338 patent and its claims and without a reasonable basis for believing that Defendants would not be liable for infringement of the '338 patent.  Defendants knew of the existence of the '338 patent, as evidenced by Defendants' filing of Defendants' ANDA with a paragraph IV certification specifically referencing the '338 patent.  Notwithstanding this knowledge, Defendants have continued to signal their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Defendants' ANDA Products before the expiration of the patents-in-suit.  Upon information and belief, through such activities, Defendants specifically intend infringement of the '338 patent.

121.    Upon information and belief, the actions described herein relating to Defendants' ANDA and Defendants' ANDA Products were done by and for the benefit of all Defendants.

122.    This case is "exceptional," and Supernus is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

123.    Unless Defendants are permanently enjoined by this Court, the acts of infringement set forth above will cause Supernus irreparable harm for which there is no adequate remedy at law.

## FOURTH COUNT
### (Defendants' Infringement of the '753 Patent)

124.    Supernus repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

125.    Upon information and belief, Defendants submitted Defendants' ANDA to FDA pursuant to § 505(j) of the FDCA (codified at 21 U.S.C. § 355(j)) for the purpose of seeking FDA approval to market Defendants' ANDA Products prior to the expiration of the '753 patent.

126.    Upon information and belief, Appco provided, is providing, and will provide material and significant support, advice, aid, instruction, inducement, and encouragement to Somerset in the preparation, filing, maintenance, and further prosecution of Defendants' ANDA.

127.    Upon information and belief, Somerset provided, is providing, and will provide material and significant support, advice, aid, instruction, inducement, and encouragement to Appco in the preparation, filing, maintenance, and further prosecution of Defendants' ANDA.

128.    Upon information and belief, Defendants are jointly and severally liable for Defendants' infringement of one or more claims of the '753 patent.

129.    Upon information and belief, Defendants submitted Defendants' ANDA with a paragraph IV certification to the '753 patent for the purpose of obtaining FDA approval to engage in the commercial manufacture, use, sale, offering for sale, and/or importation of Defendants' ANDA Products before the expiration of the '753 patent.

130.    Upon information and belief, as of the date of the Notice Letters, Defendants were aware of the statutory provisions and regulations in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

131.    Defendants sent the Notice Letters to Supernus purportedly pursuant to 21 U.S.C. § 355(j)(2)(B)(iv) and 21 C.F.R. § 314.95(d)(1).

132.    Under 35 U.S.C. § 271(e)(2)(A), the submission of Defendants' ANDA with a paragraph IV certification to the '753 patent for the purpose of obtaining approval to engage in

the commercial manufacture, use, or sale of Defendants' ANDA Products before the expiration of the '753 patent is itself an act of infringement of the '753 patent.

133.    Upon information and belief, Defendants will commercially manufacture, use, offer to sell, sell within the United States, and/or import into the United States Defendants' ANDA Products upon receiving final FDA approval.

134.    Upon information and belief, Defendants' commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Defendants' ANDA Products would infringe, directly and/or indirectly, one or more claims of the '753 patent under 35 U.S.C. § 271(a), 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

135.    Upon information and belief, the commercial manufacture, use, offer to sell, or sale of the Defendants' ANDA Products prior to the expiration of the '753 patent will directly infringe the '753 patent under 35 U.S.C. § 271(a), will actively induce another's infringement of the '753 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '753 patent under 35 U.S.C. § 271(c).

136.    Upon information and belief, Defendants' ANDA Products will be marketed with labeling that substantially copies the labeling for Qelbree®.

137.    Upon information and belief, the label for Defendants' ANDA Products that will be made available to third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) upon FDA approval of Defendants' ANDA will encourage such third parties to perform one or more of the methods claimed in the '753 patent.

138.    Upon information and belief, the use of Defendants' ANDA Products by third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical

practitioners, physicians, and/or pharmacists) according to the instructions on the label of Defendants' ANDA Products will constitute an act of direct infringement of one or more of the methods claimed in the '753 patent.

139.    Upon information and belief, by making, using, selling, offering for sale, and/or importing into the United States Defendants' ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will knowingly encourage, advise, instruct, urge, aid, and otherwise induce third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists), to make, use, sell, offer for sale, and/or import into the United States products that infringe the claims, or the making or use of which infringes the claims, of the '753 patent.

140.    Upon information and belief, Defendants intend such infringement by third parties, as Defendants are in the business of developing, manufacturing, marketing, selling, and distributing generic pharmaceutical products throughout the United States.  Upon information and belief, Defendants know that their actions will induce acts that constitute direct infringement of claims of the '753 patent by, e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists.

141.    Upon information and belief, by offering for sale or selling within the United States or importing into the United States Defendants' ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will contribute to the infringement of the '753 patent by third parties because: (i) Defendants' ANDA Products constitutes a material part of the methods claimed in the '753 patent; (ii) Defendants know or should know that Defendants' ANDA Products will be made for uses that directly infringe the

methods claimed in the '753 patent; and (iii) Defendants' ANDA Products are not staple articles or commodities of commerce suitable for substantial noninfringing uses.

142.    Upon information and belief, Defendants have acted with full knowledge of the '753 patent and its claims and without a reasonable basis for believing that Defendants would not be liable for infringement of the '753 patent.  Defendants knew of the existence of the '753 patent, as evidenced by Defendants' filing of Defendants' ANDA with a paragraph IV certification specifically referencing the '753 patent.  Notwithstanding this knowledge, Defendants have continued to signal their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Defendants' ANDA Products before the expiration of the patents-in-suit.  Upon information and belief, through such activities, Defendants specifically intend infringement of the '753 patent.

143.    Upon information and belief, the actions described herein relating to Defendants' ANDA and Defendants' ANDA Products were done by and for the benefit of all Defendants.

144.    This case is "exceptional," and Supernus is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

145.    Unless Defendants are permanently enjoined by this Court, the acts of infringement set forth above will cause Supernus irreparable harm for which there is no adequate remedy at law.

## FIFTH COUNT
**(Defendants' Infringement of the '143 Patent)**

146.    Supernus repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

147.    Upon information and belief, Defendants submitted Defendants' ANDA to FDA pursuant to § 505(j) of the FDCA (codified at 21 U.S.C. § 355(j)) for the purpose of seeking FDA approval to market Defendants' ANDA Products prior to the expiration of the '143 patent.

148.    Upon information and belief, Appco provided, is providing, and will provide material and significant support, advice, aid, instruction, inducement, and encouragement to Somerset in the preparation, filing, maintenance, and further prosecution of Defendants' ANDA.

149.    Upon information and belief, Somerset provided, is providing, and will provide material and significant support, advice, aid, instruction, inducement, and encouragement to Appco in the preparation, filing, maintenance, and further prosecution of Defendants' ANDA.

150.    Upon information and belief, Defendants are jointly and severally liable for Defendants' infringement of one or more claims of the '143 patent.

151.    Upon information and belief, Defendants submitted Defendants' ANDA with a paragraph IV certification to the '143 patent for the purpose of obtaining FDA approval to engage in the commercial manufacture, use, sale, offering for sale, and/or importation of Defendants' ANDA Products before the expiration of the '143 patent.

152.    Upon information and belief, as of the date of the Notice Letters, Defendants were aware of the statutory provisions and regulations in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

153.    Defendants sent the Notice Letters to Supernus purportedly pursuant to 21 U.S.C. § 355(j)(2)(B)(iv) and 21 C.F.R. § 314.95(d)(1).

154.    Under 35 U.S.C. § 271(e)(2)(A), the submission of Defendants' ANDA with a paragraph IV certification to the '143 patent for the purpose of obtaining approval to engage in

the commercial manufacture, use, or sale of Defendants' ANDA Products before the expiration of the '143 patent is itself an act of infringement of the '143 patent.

155.    Upon information and belief, Defendants will commercially manufacture, use, offer to sell, sell within the United States, and/or import into the United States Defendants' ANDA Products upon receiving final FDA approval.

156.    Upon information and belief, Defendants' commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Defendants' ANDA Products would infringe, directly and/or indirectly, one or more claims of the '143 patent under 35 U.S.C. § 271(a), 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

157.    Upon information and belief, the commercial manufacture, use, offer to sell, or sale of the Defendants' ANDA Products prior to the expiration of the '143 patent will directly infringe the '143 patent under 35 U.S.C. § 271(a), will actively induce another's infringement of the '143 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '143 patent under 35 U.S.C. § 271(c).

158.    Upon information and belief, Defendants' ANDA Products will be marketed with labeling that substantially copies the labeling for Qelbree®.

159.    Upon information and belief, the label for Defendants' ANDA Products that will be made available to third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) upon FDA approval of Defendants' ANDA will encourage such third parties to perform one or more of the methods claimed in the '143 patent.

160.    Upon information and belief, the use of Defendants' ANDA Products by third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical

practitioners, physicians, and/or pharmacists) according to the instructions on the label of Defendants' ANDA Products will constitute an act of direct infringement of one or more of the methods claimed in the '143 patent.

161. Upon information and belief, by making, using, selling, offering for sale, and/or importing into the United States Defendants' ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will knowingly encourage, advise, instruct, urge, aid, and otherwise induce third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists), to make, use, sell, offer for sale, and/or import into the United States products that infringe the claims, or the making or use of which infringes the claims, of the '143 patent.

162. Upon information and belief, Defendants intend such infringement by third parties, as Defendants are in the business of developing, manufacturing, marketing, selling, and distributing generic pharmaceutical products throughout the United States. Upon information and belief, Defendants know that their actions will induce acts that constitute direct infringement of claims of the '143 patent by, e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists.

163. Upon information and belief, by offering for sale or selling within the United States or importing into the United States Defendants' ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will contribute to the infringement of the '143 patent by third parties because: (i) Defendants' ANDA Products constitutes a material part of the methods of treatment claimed in the '143 patent; (ii) Defendants know or should know that Defendants' ANDA Products will be made for uses that directly infringe the methods of treatment claimed in the '143 patent; and (iii) Defendants' ANDA

Products are not staple articles or commodities of commerce suitable for substantial noninfringing uses.

164.    Upon information and belief, Defendants have acted with full knowledge of the '143 patent and its claims and without a reasonable basis for believing that Defendants would not be liable for infringement of the '143 patent.  Defendants knew of the existence of the '143 patent, as evidenced by Defendants' filing of Defendants' ANDA with a paragraph IV certification specifically referencing the '143 patent.  Notwithstanding this knowledge, Defendants have continued to signal their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Defendants' ANDA Products before the expiration of the patents-in-suit.  Upon information and belief, through such activities, Defendants specifically intend infringement of the '143 patent.

165.    Upon information and belief, the actions described herein relating to Defendants' ANDA and Defendants' ANDA Products were done by and for the benefit of all Defendants.

166.    This case is "exceptional," and Supernus is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

167.    Unless Defendants are permanently enjoined by this Court, the acts of infringement set forth above will cause Supernus irreparable harm for which there is no adequate remedy at law.

## SIXTH COUNT
### (Defendants' Infringement of the '523 Patent)

168.    Supernus repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

169.    Upon information and belief, Defendants submitted Defendants' ANDA to FDA pursuant to § 505(j) of the FDCA (codified at 21 U.S.C. § 355(j)) for the purpose of seeking FDA approval to market Defendants' ANDA Products prior to the expiration of the '523 patent.

170.    Upon information and belief, Appco provided, is providing, and will provide material and significant support, advice, aid, instruction, inducement, and encouragement to Somerset in the preparation, filing, maintenance, and further prosecution of Defendants' ANDA.

171.    Upon information and belief, Somerset provided, is providing, and will provide material and significant support, advice, aid, instruction, inducement, and encouragement to Appco in the preparation, filing, maintenance, and further prosecution of Defendants' ANDA.

172.    Upon information and belief, Defendants are jointly and severally liable for Defendants' infringement of one or more claims of the '523 patent.

173.    Upon information and belief, Defendants submitted Defendants' ANDA with a paragraph IV certification to the '523 patent for the purpose of obtaining FDA approval to engage in the commercial manufacture, use, sale, offering for sale, and/or importation of Defendants' ANDA Products before the expiration of the '523 patent.

174.    Upon information and belief, as of the date of the Notice Letters, Defendants were aware of the statutory provisions and regulations in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

175.    Defendants sent the Notice Letters to Supernus purportedly pursuant to 21 U.S.C. § 355(j)(2)(B)(iv) and 21 C.F.R. § 314.95(d)(1).

176.    Under 35 U.S.C. § 271(e)(2)(A), the submission of Defendants' ANDA with a paragraph IV certification to the '523 patent for the purpose of obtaining approval to engage in

the commercial manufacture, use, or sale of Defendants' ANDA Products before the expiration of the '523 patent is itself an act of infringement of the '523 patent.

177.    Upon information and belief, Defendants will commercially manufacture, use, offer to sell, sell within the United States, and/or import into the United States Defendants' ANDA Products upon receiving final FDA approval.

178.    Upon information and belief, Defendants' commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Defendants' ANDA Products would infringe, directly and/or indirectly, one or more claims of the '523 patent under 35 U.S.C. § 271(a), 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

179.    Upon information and belief, the commercial manufacture, use, offer to sell, or sale of the Defendants' ANDA Products prior to the expiration of the '523 patent will directly infringe the '523 patent under 35 U.S.C. § 271(a), will actively induce another's infringement of the '523 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '523 patent under 35 U.S.C. § 271(c).

180.    Upon information and belief, Defendants' ANDA Products will be marketed with labeling that substantially copies the labeling for Qelbree®.

181.    Upon information and belief, the label for Defendants' ANDA Products that will be made available to third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) upon FDA approval of Defendants' ANDA will encourage such third parties to perform one or more of the methods claimed in the '523 patent.

182.    Upon information and belief, the use of Defendants' ANDA Products by third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical

practitioners, physicians, and/or pharmacists) according to the instructions on the label of Defendants' ANDA Products will constitute an act of direct infringement of one or more of the methods claimed in the '523 patent.

183.    Upon information and belief, by making, using, selling, offering for sale, and/or importing into the United States Defendants' ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will knowingly encourage, advise, instruct, urge, aid, and otherwise induce third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists), to make, use, sell, offer for sale, and/or import into the United States products that infringe the claims, or the making or use of which infringes the claims, of the '523 patent.

184.    Upon information and belief, Defendants intend such infringement by third parties, as Defendants are in the business of developing, manufacturing, marketing, selling, and distributing generic pharmaceutical products throughout the United States.  Upon information and belief, Defendants know that their actions will induce acts that constitute direct infringement of claims of the '523 patent by, e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists.

185.    Upon information and belief, by offering for sale or selling within the United States or importing into the United States Defendants' ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will contribute to the infringement of the '523 patent by third parties because: (i) Defendants' ANDA Products constitutes a material part of the methods of treatment claimed in the '523 patent; (ii) Defendants know or should know that Defendants' ANDA Products will be made for uses that directly infringe the methods of treatment claimed in the '523 patent; and (iii) Defendants' ANDA

Products are not staple articles or commodities of commerce suitable for substantial noninfringing uses.

186.    Upon information and belief, Defendants have acted with full knowledge of the '523 patent and its claims and without a reasonable basis for believing that Defendants would not be liable for infringement of the '523 patent. Defendants knew of the existence of the '523 patent, as evidenced by Defendants' filing of Defendants' ANDA with a paragraph IV certification specifically referencing the '523 patent. Notwithstanding this knowledge, Defendants have continued to signal their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Defendants' ANDA Products before the expiration of the patents-in-suit. Upon information and belief, through such activities, Defendants specifically intend infringement of the '523 patent.

187.    Upon information and belief, the actions described herein relating to Defendants' ANDA and Defendants' ANDA Products were done by and for the benefit of all Defendants.

188.    This case is "exceptional," and Supernus is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

189.    Unless Defendants are permanently enjoined by this Court, the acts of infringement set forth above will cause Supernus irreparable harm for which there is no adequate remedy at law.

## Prayer for Relief

WHEREFORE, Supernus respectfully requests the following relief:

i.    A Judgment declaring that the patents-in-suit are enforceable and not invalid;

ii.    A Judgment, pursuant to 35 U.S.C. § 271(e)(2)(A), declaring that the submission to FDA and filing of ANDA No. 220326 with a paragraph IV certification for the purpose of

obtaining approval for the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Defendants' ANDA Products was an act of infringement of the patents-in-suit by Defendants;

iii.  A Judgment pursuant to 35 U.S.C. § 271(a), 35 U.S.C. § 271(b), and/or 35 U.S.C. § 271(c), declaring that the commercial manufacture, use, offering to sell, or sale within the United States, and/or importation into the United States, of Defendants' ANDA Products before the expiration of the patents-in-suit (including any regulatory extensions) would directly and/or indirectly infringe the patents-in-suit;

iv.  An Order, pursuant to 35 U.S.C. §§ 271(e)(4)(A), 281, and 283, that the effective date of any approval of Defendants' ANDA Products shall be no earlier than the latest date on which the patents-in-suit expire (including any regulatory extensions);

v.  An Order, pursuant to 35 U.S.C. §§ 271(e)(4)(B), 281, and 283, preliminarily and permanently enjoining Defendants and their officers, agents, servants, employees, and attorneys, and any person in active concert or participation or privity with Defendants, from engaging in the commercial manufacture, use, offering to sell, or sale within the United States, and/or importation in the United States, of Defendants' ANDA Products until the expiration of the patents-in-suit (including any regulatory extensions);

vi.  A Judgment, pursuant to 35 U.S.C. §§ 271(e)(4)(C) and 284, awarding Supernus damages or other monetary relief if Defendants commercially manufacture, use, offer to sell, or sell within the United States, and/or import into the United States, any product that is the subject of ANDA No. 220326 that infringes the patents-in-suit;

vii.  A Judgment, pursuant to 35 U.S.C. §§ 271(e)(4)(C) and 284, declaring that Defendants' infringement of the patents-in-suit is willful and awarding Supernus enhanced damages if

Defendants commercially manufacture, use, offer to sell, or sell within the United States, and/or import into the United States, any product that is the subject of ANDA No. 220326 that infringes the patents-in-suit (including any regulatory extensions);

viii.    A Judgment, pursuant to 35 U.S.C. § 285, declaring that this is an exceptional case and awarding Supernus its attorneys' fees and costs; and

ix.    Such other and further relief as this Court may deem just and proper.

Dated: June 26, 2025

By: s/ William C. Baton
    William C. Baton
    Alexander L. Callo
    **SAUL EWING LLP**
    One Riverfront Plaza
    1037 Raymond Blvd., Suite 1520
    Newark, NJ 07102
    wbaton@saul.com

    OF COUNSEL:

    Edgar H. Haug
    Nicholas F. Giove
    Andrew S. Wasson
    Kaitlin M. Farrell
    **HAUG PARTNERS LLP**
    745 Fifth Avenue
    New York, New York 10151
    (212) 588-0800
    ehaug@haugpartners.com
    ngiove@haugpartners.com
    awasson@haugpartners.com
    kfarrell@haugpartners.com

    *Attorneys for Plaintiff*
    *Supernus Pharmaceuticals, Inc.*

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULES 11.2 & 40.1

To the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated: June 26, 2025

OF COUNSEL:
Edgar H. Haug
Nicholas F. Giove
Andrew S. Wasson
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, NY 10151

By: s/ William C. Baton
    William C. Baton
    Alexander L. Callo
    **SAUL EWING LLP**
    One Riverfront Plaza
    1037 Raymond Blvd., Suite 1520
    Newark, NJ 07102
    wbaton@saul.com

    *Attorneys for Plaintiff*
    *Supernus Pharmaceuticals, Inc.*